UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL N. PEARSON,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Acting Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No. 18-cv-06651-WHA<br><br>ORDER ON RESPONDENT'S PROCEDURAL DEFENSES<br><br>**DEATH PENALTY CASE** |

## INTRODUCTION

In 1996, Michael Pearson was convicted on two counts of first-degree murder accompanied by the multiple murder special circumstance and was sentenced to death on both counts. His convictions and sentence were affirmed on appeal. *People v. Pearson*, 56 Cal.4th 393 (2013). He has filed a federal petition for writ of habeas corpus and respondent has asserted procedural defenses to some of the claims alleged in the petition. This order addresses respondent's procedural defenses.

## STATEMENT

According to the opinion of the California Supreme Court on direct appeal, it was "undisputed" at trial that petitioner "hunted down and fatally shot two of his former coworkers" at the Richmond Housing Authority minutes after he was fired for repeatedly threatening to carry out a mass shooting at the Authority. 56 Cal.4th at 403. Following its decision affirming petitioner's conviction and sentence, the California Supreme Court issued the following summary denial of petitioner's state petition for habeas corpus relief:

> The petition for writ of habeas corpus is denied. All claims are denied on the merits. Claims 2 through 5 (except to the extent they allege trial counsel was ineffective), 6, and 10 (except to the extent it alleges the trial court erred by permitting Carol Walser, Ph.D., to testify concerning temporal lobe epilepsy) are procedurally barred under *In re Seaton* (2004) 34 Cal.4th 193, 199, because petitioner failed to preserve the claims at trial. (*See also In re Reno*, 55 Cal.4th 428, 443, 476–478.)

*In re Pearson*, S175920 (Jan. 24, 2018).

Respondent argues that the California Supreme Court's rejection of some of petitioner's claims on the procedural grounds articulated above causes those claims to be procedurally defaulted in this federal habeas proceeding (Resp.'s Br. (Docket No. 33) 4–9). Respondent further argues that petitioner has not demonstrated cause and prejudice to excuse his procedural default of such claims (*ibid.*). Petitioner contends that the procedural rule relied upon by the California Supreme Court in denying his habeas claims is not "adequate" to foreclose federal habeas review, and that, therefore, his claims are due to be resolved on their merits in federal court (Pet.'s Opp. (Docket No. 34) 3–6). Despite requesting and receiving an extension of time in which to file a reply brief to address petitioner's arguments, respondent failed to do so.

## ANALYSIS

Under the procedural default doctrine, "a federal court will not review the merits of claims, including constitutional claims, that a state court has declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747–48 (1991)). "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and regularly followed." *Id.* at 9–10 (citations omitted). In other words, in the established lexicon of federal habeas corpus law, the state procedural rule relied upon by the state court must be "adequate" and "independent." *See Coleman*, 501 U.S. at 729. A state procedural rule is "independent" unless it appears "to rest primarily on federal law or appears to be interwoven with federal law." *Id.* at 734. A state procedural rule is "adequate" if it is "firmly

2

established and regularly followed" at the time the petitioner is claimed to have committed the default. *Tong Xiong v. Felker*, 681 F.3d 1067, 1075 (9th Cir. 2012) (citing *Ford v. Georgia*, 498 U.S. 411, 424 (1991)).

The procedural default rule is not applied without exception. If a petitioner has procedurally defaulted a claim, "federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In order to show "cause" for his default, the petitioner must show that some factor external to the defense prevented his counsel from raising the claim in the state courts. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "External factors include obstacles such as a 'showing that the factual or legal basis for a claim was not reasonably available to counsel,' or that 'interference by officials . . . made compliance impracticable.'" *Bradford v. Davis*, 923 F.3d 599, 612 (9th Cir. 2019) (quoting *Murray*, 477 U.S. at 488). To establish "prejudice," the petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (internal quotation marks omitted) (emphasis omitted)). The "fundamental miscarriage of justice" exception to procedural default applies in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496.

Procedural default is an affirmative defense and, accordingly, the burden of pleading and ultimately proving the adequacy and independence of a state rule rests with the state. *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003). Our circuit applies a burden shifting framework:

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

3

*Id.* at 586.

Respondent has specifically pleaded the affirmative defense of procedural default with respect to the claims, or parts of claims, found procedurally barred by the California Supreme Court in denying petitioner's state habeas corpus petition (*see* Ans. (Dkt. No. 23) 3). Respondent asserts that the California Supreme Court's finding of a procedural bar due to petitioner's failure to preserve those claims at trial precludes federal review because the procedural rule relied upon by the California Supreme Court is adequate and independent (Supp. Mem. (Dkt. No. 23-1) 14–15; Resp.'s Br. (Dkt. No. 33) 4–9). Petitioner argues that the state procedural rule requiring forfeiture of habeas corpus claims for errors not preserved at trial is not adequate as applied to him because, considering that the source of the rule, *In re Seaton*, was decided in 2004, it could not have been established and consistently applied at the time of his purported default of those claims during his trial in 1996 (Pet.'s Opp. (Dkt. No. 34) 2).

Petitioner is correct that, in denying his habeas corpus petition, the California Supreme Court cited *In re Seaton* in support of its conclusion that some of his habeas claims were procedurally barred due to his failure to preserve those claims at trial. Petitioner is further correct that *In re Seaton* was decided in 2004, several years after his trial in 1996. In *In re Seaton*, the California Supreme Court extended its "contemporaneous objection rule," which had long precluded appellate review of errors that were not raised at trial, to state habeas corpus proceedings. 34 Cal.4th at 198–99. In essence, the California Supreme Court concluded that the same policy considerations informing application of the contemporaneous objection rule in appellate proceedings apply equally in habeas corpus proceedings:

> A criminal defendant, like any other party to an action, may not sit on his or her rights. Thus, just as a defendant generally may not raise on appeal a claim not raised at trial, a defendant should not be allowed to raise on habeas corpus an issue that could have been presented at trial. If a claim that was forfeited for appeal could nonetheless be raised in a habeas corpus proceeding, the main purpose of the forfeiture rule — to encourage prompt correction of trial errors and thereby avoid unnecessary retrials — would be defeated.

*Id.* at 199–200 (internal citations omitted).

4

Petitioner has carried his burden to place respondent's procedural defense in issue. As argued by petitioner, in order to be adequate, the procedural rule invoked by the state court must be "firmly established and regularly followed by the time as of which it is to be applied." *Tong Xiong*, 681 F.3d at 1075 (internal quotations omitted). Petitioner has presented specific factual allegations showing that, at the time he purportedly forfeited his habeas claims by failing to preserve them at his trial, the authority cited by the California Supreme Court in support of the rule requiring forfeiture of habeas claims had not been decided. The question, therefore, is whether respondent has satisfied his ultimate burden of proving the adequacy of the state procedural rule. Respondent did not file a reply brief addressing petitioner's specific arguments about the inadequacy of the *In re Seaton* rule. Respondent's initial brief on procedural defenses only repeats the conclusory assertion that "[p]etitioner may venture no further" on those claims found barred pursuant to *In re Seaton* "because he failed to preserve the claim[s] for trial" (*see, e.g.*, Resp. Br. 4). This is plainly inadequate to carry respondent's burden. Although respondent's brief in support of his answer cites to several cases affirming the adequacy of California's contemporaneous objection rule (*see* Dkt. No. 23-1 at 14–15), these cases do not address *In re Seaton* — indeed, many predate *In re Seaton* — and, read together, they establish nothing more than that the contemporaneous objection rule has been found adequate where it has been applied by state appellate courts to preclude direct appellate review of errors not raised at trial.

There is a reasoned, nuanced argument to be made that *In re Seaton* does not announce a new procedural rule and, therefore, provides an adequate basis for finding a procedural default even as to claims that were not preserved at trials predating *In re Seaton*. *See, e.g., Crew v. Davis*, Civ. No. 4:12-cv-04259-YGR, 2015 WL 7720737, at *8 (N.D. Cal. Nov. 30, 2015) (finding that *In re Seaton* relies upon California's "already existing contemporaneous objection rule" and is adequate to bar federal review of claims that were not preserved at trial occurring more than fifteen years prior to *In re Seaton*). Respondent has not made this argument, however. Even if he had, district courts in California have reached the opposite conclusion as well. *See Lewis v.*

5

*Chappell*, No. LA CV11-06395-JAK, 2014 WL 12853210, at *14–*15 (C.D. Cal. Aug. 27, 2014) (quoting *Jati v. Long*, CV 12-2073-GAF, 2013 WL 5720161, at *9 (C.D. Cal. Oct. 21, 2013) (recognizing a "distinction between 'California's procedural bar that an issue may not be raised for the first time on appeal and . . . the precise bar here involving a state petitioner's attempt to raise the [claim] for the first time on habeas corpus"). While district courts have thus split on the question, our court of appeals has made clear that the adequacy of *In re Seaton*'s procedural rule remains undecided. *See Cook v. Kernan*, 948 F.3d 952, 966 n.9 (9th Cir. 2020) (observing, "this court has not yet squarely addressed whether *In re Seaton* provides an 'adequate and independent' state procedural rule that bars federal habeas review"). It follows that, if the adequacy of *In re Seaton*'s procedural rule has not yet been resolved, there is even greater reason to question the adequacy of the rule's application to habeas petitions, like petitioner's, concerning trials predating *In re Seaton*.

Respondent has not meaningfully engaged with petitioner's specific argument and has not cited any authority demonstrating how the rule of *In re Seaton* was firmly established and regularly followed at the time of petitioner's trial. In recognizing that the adequacy of *In re Seaton*'s habeas corpus forfeiture rule has not been decided despite circuit authority affirming the adequacy of California's contemporaneous objection rule in the context of direct appeals, *Cook* at least signals that the two should not be conflated in a procedural default analysis. To the extent that our court of appeals thus discerns a distinction between the contemporaneous objection rule as it applies in the direct appeal and habeas contexts, the adequacy of the rule in the habeas context is deserving of careful consideration and thoughtful analysis. Respondent's cursory argument and rote citation to inapposite authority, especially considering his failure to even file a reply brief when confronted with petitioner's specific arguments, does not meet this challenge. Accordingly, respondent has not satisfied his ultimate burden of proving the adequacy of his procedural defense.

The practical consequence of the failure of respondent's procedural defense, at least from the standpoint of case administration, is minimal. The California Supreme Court's application of

6

the *In re Seaton* procedural bar was expressly only partial as to five of the six claims it found barred. Claims two through five were held not procedurally barred to the extent those claims allege ineffective assistance of counsel and claim ten was not barred to the extent it challenged the admission of certain expert testimony. Hence, even had respondent carried his burden of demonstrating the adequacy of the relevant procedural rule, consideration of the merits of parts of five of the six claims pursuant to the habeas standard of review, *see* 28 U.S.C. § 2254(d), would still be required. Furthermore, and as previously discussed, even if petitioner's claims could be found procedurally defaulted, he is nevertheless entitled to merits review of such claims if he can show cause and prejudice for his default. One method of showing such cause and prejudice is demonstrating that the default was the product of the ineffective assistance of counsel. *See, e.g., Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Considering that most of the subject claims already partly rely upon allegations of ineffective assistance of counsel which are expressly not procedurally barred, the cause and prejudice and merits inquiries are even more naturally aligned. Finally, because the California Supreme Court denied all claims, including those it found barred, on the merits, the failure of respondent's procedural defense does not result in *de novo* review of petitioner's claims. Rather, all claims, including all sub-claims, are properly subject to review pursuant to the deferential standard of § 2254(d).

## CONCLUSION

Respondent has failed to sustain his burden of proving the adequacy of the state procedural rule which he argues has caused the procedural default some of petitioner's claims. Accordingly, claims two through six and ten, wholly or partially, are not procedurally defaulted from review in this federal habeas corpus proceeding. The parties have already agreed upon the grouping of claims for merits briefing pursuant to § 2254(d), including those claims that respondent has argued are procedurally defaulted, and have agreed to meet and confer and propose a schedule for briefing

7

of the first group (*see* 11/26/19 Order (Dkt. No. 32)).  The parties shall so commence.

IT IS SO ORDERED.

Dated:  December 9, 2020



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8